USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: APR 21 2016

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

Isabel Flores-Mendieta,

                Plaintiff,

        –v–

Bitefood Ltd., *et al.*,

                Defendants.

15-cv-4997 (AJN)

MEMORANDUM &
ORDER

ALISON J. NATHAN, District Judge:

    On June 26, 2015, Isabel Flores-Mendieta filed a complaint in the Southern District of New York alleging violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, and New York Labor Law ("NYLL"), Art. 19 § 650 *et seq.*, as well as a state law breach of contract claim. Flores claimed that his employer, a catering company, failed to pay legally required overtime and failed to comply with state-mandated recordkeeping requirements.

    On December 23, 2015, the parties notified the Court that they had reached a settlement. Dkt. No. 23. The parties submitted the settlement for the Court's review, along with Plaintiff's memorandum of law setting forth his views on why the settlement would be fair. *Id.* The parties have not given the Court sufficient information to determine whether the proposed settlement is fair and reasonable, and the proposed settlement includes a release of claims provision that is overbroad. Approval of the settlement is therefore denied, with the understanding that if the parties address the Court's concerns and resubmit, the settlement will be re-evaluated.

## DISCUSSION

    FLSA suits cannot be privately settled. *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199, 206 (2d Cir. 2015). In keeping with FLSA's purpose of ensuring workers "a fair day's pay for a fair day's work," a settlement in a FLSA case must be approved either by a court, or by

1

the Department of Labor. *Id.* (quoting *A.H. Phillips, Inc. v. Walling*, 324 U.S. 490, 493 (1945)). This action therefore cannot be dismissed with prejudice until the Court has satisfied itself that the resolution proposed by the parties is "fair and reasonable." *See, e.g.*, *Wolinsky v. Scholastic Inc.*, 900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012). A reasonable agreement must "reflect[] a reasonable compromise of disputed issues rather than a mere waiver of statutory rights brought about by an employer's overreaching." *Mamani v. Licetti*, No. 13-cv-7002, 2014 WL 2971050, at *1 (S.D.N.Y. July 2, 2014).

In order to evaluate the fairness of a proposed settlement, the parties must provide the court with enough information to evaluate "the bona fides of the dispute." *Id.* (quoting *Dees v. Hydradry, Inc.*, 706 F. Supp. 2d 1227, 1241 (M.D. Fla. 2010)). At minimum, this includes information on "the nature of plaintiffs' claims, . . . the litigation and negotiation process, the employers' potential exposure both to plaintiffs and to any putative class, the bases of estimates of plaintiffs' maximum possible recovery, the probability of plaintiffs' success on the merits, and evidence supporting any requested fee award." *Lopez v. Nights of Cabiria, LLC*, 96 F. Supp. 3d 170, 176 (S.D.N.Y. 2015). The parties must articulate their remaining points of disagreement to the Court. *Mamani*, 2014 WL 2971050, at *1. If they disagree over the calculation of wages owed, they "must provide each party's estimate of the number of hours worked and the applicable wage." *Id.* (internal quotation mark omitted). The Court will also review a proposed award of attorneys' fees to ensure that they are reasonable. *Wolinsky*, 900 F. Supp. 2d at 336.

The parties' submission does not include enough information for the Court to evaluate the *bona fides* of the settlement. In describing the upper bound of Defendants' liability, Plaintiff's counsel gives no range or number. Instead, Plaintiff's counsel merely states that according to Flores-Mendieta's recollection, he worked 60 hour weeks with no overtime premium at an unstated wage for unknown periods between September 2013 and June 2014. Pl.'s Mem. at 1. In explaining how the settlement amount was calculated, Plaintiff simply gives the amount and states that it was based on employment records produced by Defendants without providing any details on the hours worked and wages paid. *Id.* at 2. The Court has no objection

2

to the fact that employment records produced by the Defendants influenced the parties' evaluations of the claims in the case and weighed heavily in establishing the ultimate settlement amount. The parties' representation that the settlement covers all of Plaintiff's back wages and liquidated damages (as computed under Defendants' records), as well as all of Plaintiff's attorneys' fees, suggests that the total amount may well be fair and reasonable. Nonetheless, the Court must make an independent evaluation of the fairness of the award, and it cannot do so based on the information currently before it. The Court cannot approve the settlement until the parties submit the underlying data regarding Plaintiff's hours worked and wages owed. *See Gaspar v. Personal Touch Moving, Inc.*, No. 13-cv-8187, 2015 WL 7871036, at *3 (S.D.N.Y. Dec. 3, 2015).

An additional concern is that the release from liability is too broad. A FLSA settlement cannot offer the defendant a sweeping release from liability that would "waive practically any possible claim against the defendants, including unknown claims and claims that have no relationship whatsoever to wage-and-hour issues." *Cheeks*, 796 F.3d at 206 (quoting *Lopez*, 96 F. Supp. 3d at 181); *see also Camacho v. Ess-A-Bagel, Inc.*, No. 14-cv-2592, 2014 WL 6985633, at *4 (S.D.N.Y. Dec. 11, 2014). However, the release in this case appears to do just that. The settlement states that Plaintiff agrees to

> release, waive, acquit and forever discharge all of the Defendants . . . from any and all . . . causes of action of any nature whatsoever, known or unknown, asserted or un-asserted, accrued or not accrued . . . regarding any matter in connection with his employment[.]

Proposed Settlement at 4. In the settlement's favor, the Court notes that the release is reciprocal. Nonetheless, the Court cannot "countenance employers using FLSA settlements to erase all liability whatsoever in exchange for . . . payment of wages allegedly required by statute." *Lopez*, 96 F. Supp. 3d at 181. This is particularly so here, where the employer's own records demonstrate Plaintiff's entitlement to the settlement payment, and the parties represent that the employer was prepared to make an offer of judgment in an amount similar to the settlement. Pl.'s Mem. at 2. The Court will not approve a settlement agreement containing such a broad release of claims.

Finally, Plaintiff's proposed award of attorneys' fees is not adequately supported to assure the Court that it is reasonable. A proper fee request in this circuit "entails submitting contemporaneous billing records documenting, for each attorney, the date, the hours expended, and the nature of the work done." *Wolinsky*, 900 F. Supp. 2d at 336 (citing *N.Y. State Ass'n for Retarded Children, Inc. v. Carey*, 711 F.2d 1136, 1148 (2d Cir. 1983)). Courts will deny unsubstantiated requests for FLSA fees, and will decrease requested fees "if the hours billed are unreasonable or the hourly rate too high." *Lopez*, 96 F. Supp. 3d at 182. Plaintiff's memorandum makes no mention of the hourly rates charged by Plaintiff's counsel, and no billing records documenting the expenditure of time on this case are included. The Court further notes that the amount of attorneys' fees and costs requested in this case, $2,461.65, is more than 44% of the total payout of $5,500. In *Cheeks*, the Second Circuit flagged a settlement provision that "would set the fee for plaintiff's attorney at 'between 40 and 43.6 percent of the total settlement payment' without adequate documentation to support such a fee award" as not fair and reasonable. 796 F.3d at 206. The Court therefore cannot approve Plaintiff's counsel's request for fees without additional documentation.

\* \* \*

For the reasons explained above, the Court cannot approve the settlement as currently proposed. The parties are hereby ORDERED to meet and confer about the settlement, and to file a revised settlement proposal or a joint letter updating the Court on the status of settlement negotiations no later than May 3, 2016.

SO ORDERED.
Dated: April 20, 2016
New York, New York

_____
ALISON J. NATHAN
United States District Judge